UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HENRY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-00728-TCM |
| | ) | |
| GENE STUBBLEFIELD, LORENZO | ) | |
| CHANCELOR, UNKNOWN | ) | |
| PORTWOOD and ST. LOUIS | ) | |
| JUSTICE CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of John Henry Woods (Registration No. OR105275) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on May 6, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $28.33 and an average monthly account balance of $14.53. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.67, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, who is incarcerated at the St. Louis City Justice Center ("SLCJC") in St. Louis, Missouri, seeks relief in this § 1983 action against Defendants Stubblefield (superintendent), Chancelor (grievance coordinator), Unknown Portwood (caseworker) and the St. Louis Justice Center. Plaintiff asserts that the grievance procedure at SLCJC is ineffective. He states that defendant Stubblefield did not respond to his letters; that defendant Portman "would not do her job" and would not provide him with grievance forms; and that defendant Chancelor would not allow him to appeal a decision that defendant Chancelor had made with which plaintiff disagreed. Plaintiff alleges that Internal Resolution Requests and grievances were destroyed by the staff. According to plaintiff, he had difficulty obtaining grievance forms and obtaining copies of grievances he had submitted. Plaintiff seeks declaratory judgment, and injunctive and monetary relief.

Plaintiff attempts to amend by interlineation to add defendant Jerome Fields and possibly to add medical claims against certain members of the SLCJC medical staff.

**Discussion**

In an unpublished opinion, the Eighth Circuit Court of Appeals held that failure by prison officials "to acknowledge receipt of and respond to plaintiff['s] grievances pursuant to prison procedure did not violate any of plaintiff['s] constitutional rights." *Fallon v. Coulson*, 1993 WL 349355, *1 (8th Cir. 1993) (Table case, unpublished opinion on Westlaw) (citing *Buckley v. Barlow,* No. 93-1302, slip op. at 2 -3 (8th Cir. 1993) (per curiam) ("holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983; grievance procedure is procedural right only, and does not confer any substantive right on inmates"). Thus, plaintiff's claim

3

regarding the ineffectiveness of the grievance procedure is not actionable under § 1983 and must be dismissed. *See id.*

In plaintiff's motion to amend or supplement his complaint, he makes further assertions regarding the ineffectiveness of the grievance process. However, he also alleges that he has difficulty obtaining pain medication and other medical supplies, such as lotion and Metamucil. Plaintiff states that he has "a lot of pain" because he was burned over seventy per cent of his body and has bulging discs in the cervical and lumbar spine.

In filing his motion to amend or supplement, plaintiff attempts to amend his complaint by interlineation and not to supercede his previous complaint. While "[a] party may amend [his] pleading once as a matter of course at any time before a responsive pleading is served," *see* FED. R. CIV. P. 15(a), plaintiff should have submitted to the Court an amended complaint containing all of his claims.

Moreover, pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, all parties must be named in the title of the action. It is clear that plaintiff intended to name Jerome Fields as an additional defendant, but the Court cannot determine whether he also intended to name the various members of the medical staff identified in his motion to amend or supplement. Indeed, the Court cannot determine whether plaintiff intended to state a medical claim or whether this document is merely an attempt to bolster his claim that the grievance procedure is ineffective. It is not the duty of the Court to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). For these reasons, the Court will deny plaintiff's motion to amend or supplement his complaint.

Nonetheless, because plaintiff is a prisoner proceeding pro se and in forma pauperis,

the Court will give him the opportunity to amend his complaint, if he intended to state a medical claim, in accordance with the below instructions. Plaintiff is warned that his amended complaint will take the place of his original complaint and will be the only complaint which this Court reviews. Thus, plaintiff must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint or risk dismissal of that defendant. If plaintiff cannot provide the actual name of a defendant, he may name that defendant as a John or Jane Doe but must also describe that defendant so that his or her identity may be ascertained after discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff should include no claims regarding the ineffectiveness of the grievance procedure because the Court has determined that such claims are not actionable under § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.** *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $5.67 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue on the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to add party and/or amend or supplement complaint [Doc. #5] is **DENIED**.

**IT IS FURTHER ORDERED** that, if plaintiff intended to state a medical claim, he shall file an amended complaint within thirty (30) days from the date of this order using the court-provided form for a prisoner filing a complaint under 42 U.S.C. § 1983.[2] Plaintiff shall set out the name of each defendant whom he wishes to sue in the caption of the complaint by either actually naming the defendant or, to the best of his ability, identifying each John Doe and Jane Doe defendant. If plaintiff needs additional space to name all of the defendants, he must attach an additional sheet to the complaint and clearly identify its purpose. In the Statement of Claim, plaintiff shall briefly set forth as to each named defendant the specific factual allegations supporting his religion and retaliation claims. Plaintiff may attach additional sheets to his Statement of Claim only if necessary to set out his claims as to each named defendant.

**IT IS FURTHER ORDERED** that the Clerk shall forward to plaintiff, with a copy of this order, the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this complaint without prejudice.

---

[2]The Court will order the Clerk to provide plaintiff with the proper form.

**IT IS FURTHER ORDERED** that upon the filing of an amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

An appropriate order shall accompany this order and memorandum.

Dated this 23rd day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**