UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HENRY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-728-TCM |
| | ) | |
| LORENZO CHANCELOR, | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, ROBIN DRAKE, | ) | |
| UNKNOWN JONES, and ENOS MOSS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

On August 23, 2005, the Court entered its Order granting plaintiff's motion for leave to proceed in forma pauperis and ordering plaintiff to file an amended complaint if he intended to state a medical claim. Now before the Court is plaintiff's amended complaint. The Court will, for the sake of clarity, restate the standard governing the Court's consideration of plaintiff's amended complaint under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*,

580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The amended complaint**

Plaintiff alleges that defendants have delayed and denied him provision of medical care and drugs. Plaintiff states that he was burned over seventy per cent of his body, and has bulging discs in his cervical and lumbar spine, colon problems and high blood pressure. Plaintiff alleges that, in spite of his complaints of pain, his initial medical screening and assessment were delayed for one-and-one-half to two months. He alleges that defendants failed to provide him, on a consistent basis, with pain and blood pressure medication, Metamucil and unscented lotion. According to plaintiff, the inmate handbook states that all inmates must be tested for HIV and syphilis, but he was given only a tuberculosis skin test. Plaintiff also alleges that his medical records are not accurately kept, accessible and legible.

In plaintiff's original complaint, he sought monetary and declaratory relief. In his amended complaint, he does not specify the relief sought. Because plaintiff is proceeding pro se and in forma pauperis, the Court will construe the two documents together for this purpose and will consider that plaintiff seeks monetary and declaratory relief in his amended complaint.

**Discussion**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to

indicate a deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations of mere negligence in giving or failing to supply medical treatment or claims based on differences of opinion over matters of medical judgment fail to rise to the level of a § 1983 violation. *Id.; Jones v. Lockhart*, 484 F.2d 1192, 1194 (8th Cir. 1973) (citations omitted).

Based on plaintiff's allegations, it is possible that he could prove facts demonstrating that defendants Chancelor, Drake, Jones and Moss knew of and deliberately disregarded a serious medical need for consistent medication for pain, high blood pressure and constipation and for unscented lotion.

Moreover, plaintiff has also stated a § 1983 claim against Correctional Medical Services, which may be found liable for plaintiff's injury by its policy, custom or action - or by its abdication of policy-making and oversight responsibilities. *Burke v. North Dakota Dept. of Corrections and Rehabilitation,* 294 F.3d 1043, 1044 (8th Cir. 2002) (*citing Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th Cir.1993) (corporation acting under color of state law is liable under § 1983 for its own unconstitutional policies; proper test is whether there is policy, custom, or action by those who represent official policy that inflicts injury actionable under § 1983) and *Johnson v. Lockhart,* 941 F.2d 705, 707 (8th Cir. 1991) (abdication of policy-making and oversight responsibilities can reach level of deliberate indifference and result in unnecessary and wanton infliction of pain to prisoners when tacit authorization of subordinates' misconduct causes constitutional injury). At this point, the Court cannot say beyond doubt that plaintiff will be unable to prove any set of facts in support of his claim which would entitle him to relief. *See Conley,* 355 U.S. at 45-46.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to defendants Chancelor, Correctional Medical Services, Drake, Jones and Moss.

Dated this 23rd day of September, 2005.

**/s/ Thomas C. Mummert, III**
**UNITED STATES MAGISTRATE JUDGE**