UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 4:05cv0728 TCM |
| | ) |
| LORENZO CHANCELOR, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court its own motion.

A brief history of the pleadings to date is as follows. Plaintiff, John Henry Woods, initiated this action in May 2005 with a request to proceed in forma pauperis on his pro se complaint against correctional officers at the St. Louis City Justice Center, the Correctional Medical Services ("CMS"), and a nurse employed by CMS. By order of August 23, 2005, the Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri, ordered Plaintiff to amend his complaint to specify against which defendant his various allegations were directed at. Subsequently, Plaintiff filed an amended complaint, including a 21 page prose narrative without any numbered paragraphs. He was granted leave to proceed in forma pauperis in this complaint against four individuals and CMS on claims of deliberate indifference to his serious medical needs, specifically an initial medical screening and assessment was delayed and needed medication, a dietary supplement, and lotion was denied. Then, on October 13, a supplement was received and docketed. This supplement alleges additional instances of the denial of pain medication and also alleges a

needed operation has been denied.  The same day, Plaintiff sent a supplemental exhibit including (i) an inter-office memorandum with an added notation about his need to have a lower bunk on a lower tier and (ii) an inter-office memorandum from the same doctor, Dr. Singer, that Plaintiff needs a second mattress.  The first memorandum has two dates, December 17, 2004, and October 12, 2005, and the second memorandum has a date of August 18, 2005.

"Federal Rule of Civil Procedure 15 authorizes district courts to accept supplemental pleadings 'setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'"  **Berry v. Oswalt**, 143 F.3d 1127, 1130 (8th Cir. 1998) (quoting Fed.R.Civ.P. 15(d)).  This acceptance is contingent upon a motion being made by the party presenting a supplemental pleading.  Fed.R.Civ.P. 15(d).

In the instant case, Plaintiff has twice simply mailed documents and narratives captioned "supplement" and unaccompanied by any motion seeking leave to file them.  Moreover, the first supplement includes allegations relating to a needed operation that are not in the pending amended complaint and the second supplement includes allegations also now presented for the first time and one allegation – the need for a lower bunk – that predates the filing of this case.  Neither filing includes any indication as to which of the named defendants are allegedly responsible for the complained-of acts of omission or commission.

Plaintiff's second supplemental pleading shall be docketed as a motion for leave to file a supplemental pleading and will be denied without prejudice.  His first supplemental

pleading, already docketed, will be construed as a supplement to his amended complaint only insofar as it includes allegations about one defendant denying him pain medication.

Additionally, Plaintiff is expressly warned that no further supplemental exhibits or pleadings will be accepted if they are unaccompanied by a motion (a) seeking leave to file such exhibits or pleadings and clearly stating which defendant or defendants are allegedly responsible for the "further transactions or occurrences or events," Fed.R.Civ.P. 15(d), and (b) indicating service has been made on the opposing party should such party have entered his or her appearance in the case. Plaintiff is further warned that any supplemental exhibits or pleadings that do not comply with these requirements will be returned to him and that no copies will be made and forwarded to him or to any opposing party.

SO ORDERED.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of October, 2005.