# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY WOODS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case number 4:05cv0728 TCM |
| LORENZO CHANCELOR, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This pro se 42 U.S.C. § 1983 is before the Court on 21 motions filed by plaintiff, John Henry Woods: three motions to supplement his complaint [Docs. 20, 31, 43]; four motions to compel or produce [Docs. 27, 56, 72, 75]; two motions to add a party or for joinder [Docs. 33, 45]; two motions for default judgment [Docs. 44, 48]; three motions for sanctions [Docs. 55, 64, 74]; two motions for relief or reconsideration [Docs. 34, 46]; two motions for leave [Docs. 50, 51]; a motion for issuance of subpoenas [Doc. 35]; and two miscellaneous motions [Docs. 30, 47].

This Court earlier ordered Plaintiff to file a second amended complaint with numbered paragraphs setting forth allegations as to each of five defendants named in his complaint. Plaintiff then filed a pro se § 1983 complaint with numbered paragraphs in that portion of the form requesting a statement of his claims. In that complaint, Plaintiff alleges that he was denied needed medical attention for his back when he was confined in the St. Louis Justice Center ("SLJC"). He continually requested a specific pain medication and was told on order, his file was lost, or his file indicated that he had received pain medication. During one period he was given the wrong dosage of his medication. Additionally, he is supposed to

receive Medamucil and is not. Consequently, he has developed an infection. He has also developed high blood pressure as a result of not getting his medication. He requires unscented lotions and creams for his burned skin, but has not been given sufficient quantities to apply to everywhere he has been burned. Plaintiff further alleges that he has been assigned a top bunk although his disability, and his classification, require a lower bunk.

In the first of his three motions to supplement his complaint, Plaintiff reports that he has yet to be moved to a bottom bunk in disregard of doctor's orders. In his second motion, Plaintiff submits copies of documents relating to the allegations in his second amended complaint. In his third motion, he submits copies of inmate request forms he has filed since his second amended complaint. "[S]upplemental pleadings . . . are intended to cover matters occurring after the original complaint is filed." **United States v. Stoltz**, 327 F.3d 671, 673 n.4 (8th Cir. 2003) (alteration added). Accord **Lundquist v. Rice Memorial Hosp.**, 238 F.3d 975, 977 (8th Cir. 2001). Leave to file supplemental pleadings is permissive. **Id.** The proposed supplements are documents relating to the claims in the pending complaint; they do not relate to subsequent matters. Leave to file these supplements will be denied.

Moreover, even had the supplements properly related to Plaintiff's original claims, leave to file would be denied. Rule 5(a) of the Federal Rules of Civil Procedure requires that pleadings filed by one party be served upon each of the parties. Rule 5(d) requires that such pleadings include a certificate of service. Plaintiff's motions do not. Plaintiff does request in his third motion that a copy of the motion be sent to all the defendants because he does not have access to a copy machine. Documents filed with his second motion indicate that they are a copy. Regardless, Plaintiff has chosen to litigate this § 1983 action and is not

excused from complying with the Federal Rules of Civil Procedure. See **Ackra Direct Mktg. Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Carmen v. Treat**, 7 F.3d 1379, 1381 (8th Cir. 1993); **Settlemire v. Watson**, 877 F.2d 13, 14 (8th Cir. 1989) (per curiam).

In a motion requesting that the Court order that the law library of SLJC, where he is confined, be reopened, a pleading docketed as a motion to compel, Plaintiff alleges that his pursuit of a constitutional claim is hindered by his lack of access to the Federal Rules of Civil procedure and to the Local Rules of the Eastern District of Missouri. Plaintiff has been sent a copy of the Local Rules, which refer to the equivalent Federal Rule. This motion will be denied. In his second motion, Plaintiff requests that the Court order St. Louis University Hospital to produce records relevant to his claims. This motion also will be denied. Plaintiff fails to allege that he has sought any records from the Hospital. Plaintiff next requests that the Court (a) disclose records of all disciplinary actions by Defendants at the SLJC or by Correctional Medical Services; (b) produce copies of all documents on ordering medications over an eighteen-month period; (c) produce copies of his medical records at the SLJC; and (d) produce copies of his inmate file. Again, this discovery request should be directed to the custodian of such records. Moreover, the Court notes that at least the first two requests are overbroad. In his fourth motion, Plaintiff alleges that the Correctional Medical Services defendants have not complied with this Court's case management order. These defendants do not refute this allegation. The Court directs such defendants to comply with paragraph (2) of the Case Management Order. The motion is denied in all other respects.

In his motion to add a party, Plaintiff seeks to name Dr. Singer as a defendant on the grounds that he was under her care and she diagnosed his condition. To state an Eighth Amendment claim against Dr. Singer, Plaintiff "'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" **Jolly v. Knudsen,** 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)). Plaintiff alleges only that he was treated by Dr. Singer. His motion to add her as a party will be denied. In his second motion to add parties, Plaintiff requests leave to add Gene Stubblefield, the SLJC superintendent, as a defendant. Stubblefield cannot be held liable under § 1983 on a respondeat superior theory, and Plaintiff's allegations support only such a theory. See **Burgess v. Moore**, 39 F.3d 216, 218 (8th Cir. 1994); **Ouzts v. Cummins**, 825 F.2d 1276, 1277-78 (8th Cir. 1987) (per curiam). Plaintiff's motion to add him will be denied.

In the first of his two motions for default, Plaintiff requests that the Court revisit its earlier order granting defendant Lorenzo Chancelor leave to file an amended answer and instead enter a default against Chancelor. There is a "strong judicial policy against default judgments." **Oberstar v. F.D.I.C.**, 987 F.2d 494, 504 (8th Cir. 1993). In his second motion, Plaintiff requests a default against all the defendants for failure to comply with the case management order. Plaintiff does not specifically allege which defendant did not comply with which provision of the order, summarily alleging instead that he has sent the defendants a list of needed documents. Defendants Correctional Medical Services, Drake, Jones, and Moss have been ordered to comply with paragraph (2) of the case management order. Plaintiff's two motions for default will be denied.

Citing Local Rule 2.08, Plaintiff moves for sanctions against two parties' attorney for failing to timely send in their forms indicating whether they consent or not to the undersigned's jurisdiction under 28 U.S.C. § 636(c). Plaintiff also moves for sanctions against the attorneys for Chancelor for failing to file a timely answer to his second amended complaint and for failing to comply with a request for production of documents. In response, Chancelor notes that this Court granted him leave to file an answer out of time and asserts that all relevant documents have been forwarded to Plaintiff. In his third motion for sanctions, Plaintiff alleges that the attorneys for Correctional Medical Services, Robin Drake, Unknown Jones, and Enos Moss have failed to comply with paragraph (2) of the court's management order. Again, this failure has been addressed above. The motions for sanctions will be denied.

In a motion for relief, Plaintiff requests that this Court send Defendants copies of all his pleadings. This request has been addressed above. This motion will be denied. Plaintiff's motion for reconsideration of the Court's earlier order denying him appointment of counsel will also be denied.

In the first of his two motions "for leave," Plaintiff takes issue with this Court's earlier order granting defendant Chancelor leave to file his answer out of time. This complaint has been addressed above; his motion will be denied. In his second motion, Plaintiff requests leave to proceed in forma pauperis in an appeal from an interlocutory order. Plaintiff has since withdrawn that appeal. His motion will be denied as moot.

In a motion for issuance of subpoenas, Plaintiff requests that subpoenas be issued to Robert Douglas and Ronn Shorter. This case is not yet set for any hearing or trial at which testimony will be introduced. His motion will be denied without prejudice.

In a motion for order, Plaintiff alleges that legal mail from the attorney for Correctional Medical Services was opened by SLJC authorities because the envelope did not include an attorney's name. Citing this isolated event, Plaintiff requests that all "actions" of Defendants be denied because of this violation of his First Amendment rights. Since this motion was filed, two additional attorneys have entered their appearance on behalf of Correctional Medical Services, Drake, Jones, and Moss. Plaintiff's request for drastic action in response to an isolated event unlikely to be repeated will be denied.

In his motion to inform the Court of his actions, Plaintiff does exactly that – he advises the Court of what discovery material he has sent opposing counsel and also lists the names of people who have information relevant to his claims. A copy of this motion was sent to opposing counsel. Discovery materials are not to be filed with the Court. This motion will be stricken from the record.

The Court also has before it a motion not yet docketed. This pleading is captioned a Motion of [sic] Leave to File Discovery Out of Time. This motion requests that the Court make copies of the attached pages and serve them on opposing counsel. The Court will not do so. Plaintiff is to make copies of all pleadings and exhibits and serve them on each party. The Court has previously advised Plaintiff of this obligation and has again advised him of it in this Order. This motion will not be docketed and will be returned to Plaintiff. All future motions without a certificate of service will also be returned to Plaintiff.

Additionally, the Court notes that many of Plaintiff's motions include repetitious requests. He is hereby directed not to file more than one motion in any two-week period.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the following motions are **DENIED**: Plaintiff's motions to supplement his complaint [Docs. 20, 31, 43]; three of his four motions to compel or produce [Docs. 27, 56, 72]; his motions to add a party or for joinder [Docs. 33, 45]; his motions for default judgment [Docs. 44, 48]; his motions for sanctions [Docs. 55, 64, 74]; his motions for relief or reconsideration [Docs. 34, 46]; his motion challenging the Court's order granting a defendant leave to file an answer out of time [Doc. 50]; and a motion requesting that Defendants's pleadings be stricken for violating his First Amendment rights [Doc. 30].

**IT IS FURTHER ORDERED** that Plaintiff's motion for issuance of subpoenas is **DENIED** without prejudice. [Doc. 35]

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed on appeal in forma pauperis is **DENIED** as moot. [Doc. 51]

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel filed on March 6, 2006, is **GRANTED** insofar as Defendants are directed to comply with paragraph (2) of the Case Management Order and **DENIED** in all other respects. [Doc. 75]

**IT IS FURTHER ORDERED** that Plaintiff's motion to inform the Court [Doc. 47] is STRICKEN from the record.

**IT IS FINALLY ORDERED** that the Clerk of Court is to return without docketing Plaintiff's motion for leave to file discovery out of time, received on March 13, 2006, and any further motions that do not include a certificate of service.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of March, 2006.